IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EXPRESS OIL CHANGE, LLC, | * | |
| PLAINTIFF, | * | |
| V. | * | CIVIL ACTION NO. ___________ |
| BIG PEACH CAR WASH LLC d/b/a BIG PEACH EXPRESS OIL CHANGE | * | |
| | * | JURY DEMAND |
| DEFENDANT. | | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, Express Oil Change, LLC (hereinafter "Plaintiff" or "EOC"), brings this action against Defendant Big Peach Car Wash LLC d/b/a Big Peach Express Oil Change (hereinafter referred to as "Big Peach" or "Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1. EOC brings this action to protect one of its most valuable assets: its EXPRESS OIL CHANGE trademark. EOC seeks put an end to the Defendant's unlawful use of the infringing EXPRESS OIL CHANGE name and service mark, which has continued despite EOC's demands that it cease. EOC therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and trademark dilution under the Lanham Act, Title 15, United States Code § 1051, *et seq*., and the common laws of the state of Georgia.

## II. PARTIES

2. EOC is a limited liability company duly organized in the State of Delaware and registered to do business in the State of Alabama and located at 1880 Southpark Drive, Birmingham, Alabama 35244.

3. EOC is the owner of its famous family of EXPRESS OIL CHANGE trademarks. EOC, through its various member companies and franchisees, uses its famous family of EXPRESS OIL CHANGE trademarks in interstate commerce in connection with its automobile repair and maintenance and vehicle lubrication services ("Services"). A few examples are as follows:

EXPRESS OIL CHANGE

4. Upon information and belief, Defendant is a business entity with its principal place of business at 500 Constitution Drive, Forsyth, Georgia 31029.

5. Upon information and belief, Defendant offers automobile repair and maintenance and vehicle lubrication services ("Defendant's Services") in the state of Georgia and in interstate commerce under the trade name and service mark BIG PEACH EXPRESS OIL CHANGE.

## III. <u>JURISDICTION AND VENUE</u>

6. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq*., subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

7. This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

8. This Court has personal jurisdiction over Defendant because Defendant's principal

place of business is within this District.

9. This is the proper venue for this action pursuant to 28 U.S.C. § 1391.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. The Famous EXPRESS OIL CHANGE Family of Trademarks.

10. EOC is one of the leading automotive service providers in the United States with over 386 locations across 19 states.

11. By virtue of its longstanding and widespread use of the EXPRESS OIL CHANGE mark in connection with its Services, EOC is the owner of the famous family of EXPRESS OIL CHANGE trademarks, including, but not limited to, EXPRESS OIL CHANGE, EXPRESS OIL CHANGE 10 MINUTE SERVICE, and EXPRESS OIL CHANGE & SERVICE CENTER.

12. EOC has applied for and obtained numerous United States Trademark Registrations for marks that consist of or incorporate the mark EXPRESS OIL CHANGE. True and correct copies of EOC's United States Trademark Registrations are attached hereto as **Exhibit 1.** EOC's common law EXPRESS OIL CHANGE marks along with the uses and Registrations reflected in Exhibit 1 are hereinafter collectively referred to as the "EOC Family of Marks".

13. EOC first started using the famous EOC Family of Marks in or around 1979 and EOC received its first federal registration in 1989.

14. Upon information an belief, Defendant's first use of the Infringing Mark (as defined in paragraph 17 below) was in or around February 2025. A true and correct copy of a news article by The Monroe County/Macon Reporter dated February 12, 2025 is attached hereto as **Exhibit 2**.

15. EOC has made an enormous investment in advertising and promoting its products and services under the EOC Family of Marks. As a result, Plaintiff has acquired valuable goodwill

in association with the EOC Family of Marks, which have become widely recognized by the general consuming public of the United States as a designation of the source for EOC's services. EOC's customers have come to rely on the EOC Family of Marks as a symbol of quality and reliability.

16. Since long before the acts of the Defendant complained of herein, EOC and/or its affiliates, franchisees and predecessors-in-interest have continuously used one or more of the marks that comprise its EOC Family of Marks in interstate commerce.

**B. Defendant's Infringing Acts.**

17. Upon information and belief, Defendant operates a car wash under the Service Mark "BIG PEACH CAR WASH" and has recently opened an automobile repair and maintenance services company under the trade name BIG PEACH EXPRESS OIL CHANGE ("Infringing Mark"). Defendant's website for its car wash business, https://www.bigpeachusa.com/ also shows its logo for the Infringing Mark:




18. Defendant also has a website for its automobile repair and maintenance services company under the Infringing Mark https://www.bigpeachexpressoil.com/, showing its services and logo:




19. Defendant has a Facebook page for this service, “Big Peach Express Oil Change” at https://www.facebook.com/profile.php?id=100092338067058 which uses the name and service mark BIG PEACH EXPRESS OIL CHANGE, along with the following logo, to offer Defendant’s Services shown below at attached hereto as **Exhibit 3**:

20. Defendant's physical location has signage using the confusingly similar name "BIG PEACH EXPRESS OIL CHANGE" and "EXPRESS OIL CHANGE" by itself. **Exhibit 4**.






21. The services offered by Defendant under the BIG PEACH EXPRESS OIL CHANGE trade name and service mark are identical to and/or closely related to the services offered by EOC under the EXPRESS OIL CHANGE mark.

22. Upon information and belief, Defendant offers Defendant's Services in interstate commerce and in channels of trade similar to those of EOC and/or its affiliates and/or franchisees.

23. Defendant's use of the Infringing Mark is likely to cause confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Plaintiff's EOC Family of Marks.

24. Defendant's BIG PEACH EXPRESS OIL CHANGE trade name and service mark is confusingly similar to one or more of Plaintiff's EOC Family of Marks.

25. Plaintiff's Services and Defendant's Services, as well as the classes of consumers who purchase such services, are identical or virtually identical.

26. Defendant adopted the BIG PEACH EXPRESS OIL CHANGE trade name and service mark without the express or implied consent of Plaintiff.

27. At no time did Plaintiff authorize, license, or otherwise permit Defendant to use

and/or display any of the marks making up the famous EOC Family of Marks and/or any marks that are confusingly similar the EOC Family of Marks.

28. Upon information and belief, Defendant adopted, used, and continues to use the BIG PEACH EXPRESS OIL CHANGE trade name and service mark with the intent to trade on and/or capitalize on the goodwill symbolized by the famous EOC Family of Marks.

29. Defendant has used and continues to use the BIG PEACH EXPRESS OIL CHANGE trade name and service mark in interstate commerce in connection with Defendant's Services in direct violation of EOC's rights in and to the EOC Family of Marks, despite Plaintiff's consistent and ongoing objection to the same. *See* correspondence attached as **Exhibit 5**.

30. In light of Defendant's actual and/or constructive notice of EOC's rights in and to its famous EOC Family of Marks, Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous EOC Family of Marks.

31. Defendant's past and ongoing use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark, which is confusingly similar to one or more of the marks making up the famous EOC Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the EOC Family of Marks, as well as Plaintiff's business reputation.

32. Defendant's past and ongoing use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark confusingly similar to one or more of the marks making up the famous EOC Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

33. Defendant has and continues to have no legitimate reason or good faith basis to use the BIG PEACH EXPRESS OIL CHANGE trade name and service mark in commerce.

34. Upon information and belief, Defendant's intent in using the Infringing Mark was and is to profit from the goodwill and value associated with one or more of the marks making up the famous EOC Family of Marks.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF SECTION 32(1) OF THE LANHAM ACT
### TRADEMARK INFRINGEMENT

35. EOC repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

36. Defendant's use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark is likely to cause public confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

37. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure EOC, and/or to reap the benefit of EOC's goodwill associated with the EOC Family of Marks.

38. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

39. Defendant's acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

40. Plaintiff has no adequate remedy at law.

41. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT II**
**VIOLATION OF SECTION 43(A) OF THE LANHAM ACT**
**UNFAIR COMPETITION**

42. EOC repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

43. Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely, to cause such parties to believe, in error, that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by EOC, or that Defendant is in some way affiliated with EOC, which it is not.

44. Defendant's use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

45. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

46. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

47. Plaintiff has no adequate remedy at law.

48. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT III**
**VIOLATIONS OF SECTION 43(C) OF THE LANHAM ACT**
**TRADEMARK DILUTION**

49. EOC repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

50. Based on the inherent and/or acquired distinctiveness of the EOC Family of Marks; the duration and extent of EOC's use of the EOC Family of Marks; the duration and extent of advertising featuring the EOC Family of Marks; the geographic area in which EOC has sold and advertised goods and/or services featuring the EOC Family of Marks; the nature of the trade channels EOC uses to market goods and/or services featuring the EOC Family of Marks compared to the channels through which Defendant sells its services; the degree of public recognition of the EOC Family of Marks; and the various federal registrations for the EOC Family of Marks, the EOC Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

51. The aforesaid willful and deliberate acts of Defendant, all occurring after the EOC Family of Marks became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the famous EOC Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

52. EOC has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

53. EOC repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

54. EOC enjoys well-established common law service mark rights in and to the famous EOC Family of Marks in the state of Georgia which rights are superior to any rights that Defendant may claim, and has built significant goodwill in same.

55. EOC first adopted and used the EOC Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by EOC and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's EOC Family of Marks has acquired secondary meaning.

56. Defendant's acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Plaintiff's and Defendant's Services in violation of Georgia common law.

57. The acts complained of herein have caused irreparable harm, damage and injury to Plaintiff, and Plaintiff has no adequate remedy at law.

58. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. Preliminarily and permanently enjoin Defendant as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendant, from use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark or any other colorable imitation of any EXPRESS OIL CHANGE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

C. Pursuant to 15 U.S.C. § 1118, order Defendant to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendant that bear any of the EOC Family of Marks or any other mark that is likely to be confused with one or more of the EOC Family of Marks;

D. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

E. Order an award of three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

F. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

G. Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

H. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117;

I. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

/s/ *Joe L. Leak*
Joe L. Leak
Georgia Bar Number 142952
LEAK, DOUGLAS & MORANO, PC
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone 205.977.7099
jleak@leakdouglas.com
*Attorney for Plaintiff,*
*Express Oil Change, LLC*

/s/ *Michael J. Douglas*
Michael J. Douglas* ASB2888C52D
LEAK, DOUGLAS & MORANO, PC
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone 205.977.7099
mdouglas@leakdouglas.com
*Attorney for Plaintiff,*
*Express Oil Change, LLC*

** Application for Admission Pro Hac Vice to be Filed*

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Big Peach Car Wash LLC
c/o Its Registered Agent, Wesley Cone
500 Constitution Drive
Forsyth, GA 31029