**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **EXPRESS OIL CHANGE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-222 (MTT)** |
| | ) | |
| **BIG PEACH CAR WASH LLC d/b/a** | ) | |
| **BIG PEACH EXPRESS OIL CHANGE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Express Oil Change, LLC ("Express Oil") moves for default judgment against Defendant Big Peach Car Wash, LLC ("Big Peach"). ECF 13. For the following reasons, that motion (ECF 13) is **GRANTED**.

### I. BACKGROUND

The Court takes the following facts, deemed admitted by Big Peach's default, from Express Oil's complaint. ECF 1. Express Oil is one of the leading automotive service providers in the United States with over 386 locations across nineteen states. *Id.* ¶ 10. It offers automobile repair and maintenance and vehicle lubrication services. *Id.* ¶ 3. Express Oil has long used the "EXPRESS OIL CHANGE" mark in connection with its services. *Id.* ¶¶ 11, 13. In addition, Express Oil has obtained numerous United States Trademark Registrations for marks that consist of or incorporate the mark "EXPRESS OIL CHANGE," and it received its first federal trademark registration in 1989. *Id.* ¶¶ 12, 13. Express Oil has made an enormous investment in advertising and promoting its products using these marks. *Id.* ¶ 15. As a result, the general consuming public of the

United States widely recognizes Express Oil's marks as a designation of the source for Express Oil's services. *Id*. The marks have also generated goodwill for Express Oil, as customers have come to rely on Express Oil's marks as a symbol of quality and reliability. *Id.*

Like Express Oil, Big Peach also offers automobile repair and maintenance and vehicle lubrication services in Georgia, using the trade name, "BIG PEACH EXPRESS OIL CHANGE." *Id*. ¶ 5. Big Peach's tradename appears in its logo which is featured on Big Peach's website and Facebook page. *Id*. ¶¶ 18–19. Big Peach's physical signage also says in large letters "EXPRESS OIL CHANGE" by itself, and "BIG PEACH EXPRESS OIL CHANGE." *Id*. ¶ 20.

Big Peach adopted the "BIG PEACH EXPRESS OIL CHANGE" tradename and service mark without Express Oil's consent. *Id*. ¶ 26. Express Oil has informed Big Peach of its objection to Big Peach using the mark. *Id*. ¶ 29. But Big Peach continues to use it. *Id.*

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential

evidence is already in the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings[.]").

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment. The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law. *Id*. "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, because the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)). The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]").

## III. JURISDICTION

To enter a valid default judgment, the Court must have both personal and subject matter jurisdiction. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys.*

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (alteration in original)).

First, the Court has subject matter jurisdiction over Express Oil's federal claims arising under the Lanham Act. *See* 15 U.S.C. § 1121; 28 U.S.C. § 1338 (a), (b). And the Court has supplemental jurisdiction over Express Oil's Georgia common law trademark infringement claim, which is so related to Express Oil's claims under the Lanham Act that it forms part of the same case or controversy. *See* 28 U.S.C. § 1367.

The Court also has personal jurisdiction over Big Peach. Generally, personal jurisdiction exists whenever the defendant is at home in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). A corporation's principal place of business is a paradigmatic basis for the exercise of general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Express Oil alleges Big Peach's principal place of business is in Forsyth, Georgia. ECF 1 ¶¶ 4, 8.

In sum, the Court has both subject matter and personal jurisdiction in this case.

## IV. DISCUSSION

Express Oil's complaint asserts claims under the Lanham Act for trademark infringement, unfair competition, and trademark dilution. ECF 1 at 8–10. It also asserts a claim for trademark infringement under Georgia common law. *Id.* at 11. As explained below, Express Oil plausibly pleads all of its claims.

Express Oil requests declaratory and injunctive relief, as well as attorney's fees and costs. *Id.* at 11–13; ECF 13 at 4–5. The Court **GRANTS** Express Oil's requested

equitable relief and costs, but because this is not an "exceptional" case, the Court **DENIES** Express Oil's request for attorney's fees.

## A. Trademark Infringement, Unfair Competition, and Georgia Common Law

The Court first addresses Express Oil's claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement under Georgia common law. ECF 1 at 8–9, 11.

> [T]o prevail on [a] federal claim of trademark infringement and unfair competition, a trademark owner 'must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) (quoting *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010)).[2]

Here, Express Oil adequately pleads that it has trademark rights in the mark at issue and that the mark is confusingly similar to its mark. Express Oil alleges it has a federal trademark registration in the mark, "EXPRESS OIL CHANGE," in addition to various adaptions of this mark. *See* ECF 1 ¶ 3; ECF 1-1 at 5. Ownership of a federal trademark registration is "prima facie evidence" of "the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods . . . specified in the registration." 15 U.S.C. § 1115(a). Thus, Express Oil alleges it has trademark rights in the mark at issue, "EXPRESS OIL CHANGE."

---

[2] "[A] trademark infringement claim under Georgia law is reviewed under the same standards as a claim under the Lanham Act." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.,* 217 F. App'x 899, 902 n.4 (11th Cir. 2007) (citing *University of Georgia Athletic Ass'n v. Laite,* 756 F.2d 1535, 1539 n.11 (11th Cir.1985)).

Express Oil also alleges Big Peach's mark, "BIG PEACH EXPRESS OIL CHANGE," is the same or confusingly similar to "EXPRESS OIL CHANGE," such that consumers are likely to confuse the two. To determine "whether a likelihood of confusion exists, the fact finder evaluates a number of elements including: the strength of the trademark, the similarity of the marks, the similarity of the products, the similarity of retail outlets and purchasers, the similarity of advertising media used, the defendant's intent, and actual confusion." *Suntree Techs.*, 693 F.3d at 1346 (citation modified). Although the weight given to each factor varies with the circumstances of the case, "the type of mark and the evidence of actual confusion [are considered] to be the two most important factors." *Id.* (quoting *Lone Star Steakhouse & Saloon v. Longhorn Steaks*, 122 F.3d 1379, 1382 (11th Cir. 1997)).

*Strength of the mark*. "There are four recognized types of mark, ranging from weakest to strongest: generic, descriptive, suggestive and arbitrary. The stronger the mark, the greater the scope of protection accorded it." *Caliber Automotive Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 938 (11th Cir. 2010) (quoting *Aronowitz v. Health–Chem Corp.*, 513 F.3d 1229, 1240 (11th Cir. 2008)). Express Oil's mark is, at a minimum, descriptive. "A descriptive mark identifies a characteristic or quality of the service or product, e.g., Vision Center." *Id.* at 938 (citation modified). A descriptive mark is a "relatively strong" mark when it has acquired secondary meaning. *See Tana*, 611 F.3d at 776 ("A descriptive mark with secondary meaning is a relatively strong mark."). "A service mark develops secondary meaning when the consuming public associates the services with a particular provider." *Caliber*, 605 F.3d at 938. Express Oil alleges that its marks "have become widely recognized by

the general consuming public of the United States as a designation of the source for [Express Oil's] services" such that they have "acquired secondary meaning." ECF 1 ¶¶ 15, 55. This factor weighs toward a likelihood of confusion.

*Similarity of the mark.* Mark similarity is determined by "the overall impression created by the marks, including a comparison of the appearance, sound and meaning of the marks, as well as the manner in which they are displayed." *Caliber*, 605 F.3d at 939 (quoting *E. Remy Martin & Co. v. Shaw–Ross Int'l Imps., Inc.*, 756 F.2d 1525, 1531 (11th Cir. 1985)). "BIG PEACH EXPRESS OIL CHANGE" and "EXPRESS OIL CHANGE" use many of the same words and have a similar, if not the same, meaning. Although Express Oil and Big Peach do not display the marks in precisely the same way, the overall impression given by the marks is similar. This factor weighs toward a likelihood of confusion.

*Similarity of the Products.* Product similarity weighs toward confusion when "the products are the kind that the public attributes to a single source." *Id.* at 939–40 (citation modified). The complaint alleges the services provided by Express Oil and Big Peach are identical. *See* ECF 1 ¶¶ 3, 5, 25. Both companies offer automobile repair and maintenance and vehicle lubrication services in Georgia. *Id.* ¶¶ 3, 5. This factor weighs toward a likelihood of confusion.

*Similarity of retail outlets and purchasers.* Express Oil alleges the classes of consumers who purchase their services are virtually identical. *Id.* ¶ 25. This factor weighs toward a likelihood of confusion.

*Defendant's intent.* Intent weighs toward a likelihood of confusion when the defendant "adopted a plaintiff's mark with the intention of deriving a benefit from the

[trademark holder's] business reputation." *Caliber*, 605 F.3d at 940. Express Oil informed Big Peach of its objection to the "BIG PEACH EXPRESS OIL CHANGE" tradename and service mark. *Id.* ¶ 29. But Big Peach continues to use the mark, profiting off the reputation and goodwill associated with the Express Oil family of marks. *Id.* Because the complaint plausibly alleges Big Peach adopted Express Oil's mark with the intention of deriving a benefit from Express Oil's business reputation, this factor weighs toward a likelihood of confusion.[3]

*Remaining Factors.* The complaint does not allege facts showing actual confusion or addressing advertising channels, so these factors weigh neither for nor against confusion. *See Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1308 (N.D. Ga. 2017) ("Because there is no evidence of actual confusion, this factor cannot be found to weigh in favor of any of the parties").

On balance, the above factors weigh toward a likelihood of confusion. Accordingly, Big Peach is liable for trademark infringement and unfair competition under the Lanham Act and for trademark infringement under Georgia law.

**B. Trademark Dilution**

To succeed on a trademark dilution claim under the Lanham Act, 15 U.S.C. § 1125(c), a plaintiff must show:

> (1) it owns a famous mark that is distinctive; (2) the defendant is using a mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring or by tarnishment.

---

[3] For this reason, the complaint also plausibly alleges Big Peach willfully committed the alleged trademark violations.

*Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1372 (Fed. Cir. 2012); *see also Herman Miller, Inc. v. Belnick LLC*, 510 F. Supp. 3d 1342, 1347 (N.D. Ga. 2021) (applying the test set forth in *Coach Servs.*, 668 F.3d at 1372); *see* 15 U.S.C. § 1125(c).

Express Oil plausibly alleges its mark is famous. "[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Express Oil alleges it has been using its mark for nearly fifty years, beginning in 1979 and that it received its first federal registration in 1989. ECF 1 ¶ 13. Express Oil also alleges it "has made an enormous investment in advertising and promoting its products and services under the [Express Oil] Family of Marks" such that the marks have "become widely recognized by the general consuming public of the United States as a designation of the source for [Express Oil's] services" and as "a symbol of quality and reliability." *Id.* ¶¶ 15, 50. These allegations, deemed admitted by Big Peach's default, are adequate to establish fame. In addition, Express Oil alleges Big Peach first used the infringing mark around February 2025, after Express Oil's mark became famous; that the defendant's use was commercial and in commerce; and that the defendant's use of the mark has likely caused dilution. *Id.* ¶¶ 14, 29, 51.

In sum, the complaint adequately pleads Big Peach's liability for trademark dilution.

## C. Damages

Express Oil requests declaratory and injunctive relief as well as "costs, disbursements, and reasonable attorney's fees" pursuant to 15 U.S.C. § 1117; ECF 13 at 4–5.

### 1. Equitable relief

Under the Lanham Act, the Court may "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent" the infringing activity. 15 U.S.C. § 1116(a). Permanent injunctive relief is appropriate where a plaintiff demonstrates: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *See Angel Flight of Georgia, Inc. v. Angel Flight of America, Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008).[4]

Express Oil has satisfied each of the four factors. Big Peach's continued use of Express Oil's marks irreparably harms Express Oil through trademark infringement and dilution, and money damages cannot compensate for Big Peach's actions should they continue. Absent injunctive relief, Express Oil is subject to hardship from reputational harm, so the balance of hardship favors an equitable remedy, and issuing an injunction serves the public interest by protecting consumers from Big Peach's infringing behavior and by protecting registered marks. Accordingly, permanent injunctive relief is warranted.

---

[4] Express Oil also requests a preliminary injunction but "[o]nce an order of permanent injunction is entered, any preliminary injunction merges with it," so analyzing and granting preliminary relief would be redundant. *Associated Builders And Contractors Fla. E. Coast Chapter v. Miami-Dade Cnty., FL*, 594 F.3d 1321, 1323–24 (11th Cir. 2010).

### 2.  Costs and attorney's fees[5]

In addition to injunctive relief, a registrant whose rights are violated may generally recover the defendant's profits from the infringing activity (or its own damages or both) together with costs of the action. The Court may also, "in exceptional cases," award attorney fees. 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Commodores Ent. Corp. v. McClary*, 2025 WL 2754134, at *3 (11th Cir. Sept. 29, 2025) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Courts must exercise their discretion on a case-by-case basis to determine whether, under the totality of the circumstances, a case is exceptional. *Id.* In doing so the Court considers "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Octane Fitness*, 572 U.S. at 554 & n.6.).

The Court does not find this case, in which the defendant failed to make an appearance, to be exceptional. Accordingly, Express Oil's request for attorney's fees is **DENIED**. But Express Oil is entitled to costs and shall submit its bill of costs no later than February 6, 2026.

---

[5] Express Oil also requests "disbursements." ECF 13 at 4. Although it is not entirely clear what Express Oil means, nothing in Express Oil's motion suggests Express Oil seeks to recover Big Peach's profits. *See id.*

**V. CONCLUSION**

Express Oil's motion for default judgment (ECF 13) is **GRANTED**. Express Oil's request for attorney's fees is **DENIED**. Express Oil's request for declaratory and injunctive relief as well as costs is **GRANTED** as follows:

Big Peach willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §1051 *et seq*.

Big Peach as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Big Peach are permanently enjoined from use of the BIG PEACH EXPRESS OIL CHANGE trade name and service mark or any other colorable imitation of any EXPRESS OIL CHANGE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Express Oil such that confusion is likely.

Pursuant to 15 U.S.C. § 1116, Big Peach shall file with this Court and serve on Express Oil by March 24, 2026, a report in writing and under oath, setting forth in detail the manner and form in which Big Peach has complied with this Order.

Express Oil shall submit its bill of costs no later than February 6, 2026.

**Express Oil shall make a good faith effort to ensure that Big Peach receives a copy of this Order.**

The Judgment shall be entered accordingly.

**SO ORDERED**, this 23rd day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT